UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY WADE, Plaintiff | CIVIL DOCKET NO. 1:19-CV-438-P |
| VERSUS | JUDGE DRELL |
| FRANCISCO J. QUINTANA, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are a Complaint and Amended Complaints (ECF Nos. 7, 14, 28) filed by *pro se* Plaintiff Bobby Wade ("Wade") (#94252-111) under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. Wade is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania. Wade complains that his constitutional rights were violated while incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP Pollock"), and that Defendants were negligent in providing medical care and in losing or stealing his personal property.

Because the Court lacks jurisdiction over Wade's claim for lost personal property, that claim should be DISMISSED WITHOUT PREJUDICE.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I.   **Background**

Wade alleges that his personal property was destroyed or stolen while he was housed in the Special Housing Unit ("SHU").  ECF No. 7 at 16.  Wade filed an Administrative Tort Claim for the lost property, which was considered by the BOP under the small-claims statute, 31 U.S.C. § 3723.  ECF No. 28 at 3-4.  The claim was denied.  *Id.*

II.  **Law and Analysis**

According to the BOP's response to Wade's administrative claim, Wade filed his lost property claim under 31 U.S.C. § 3723, which allows a person to pursue an administrative remedy for small claims.  This statute is separate from the FTCA.  *See Alford v. Sadowski*, 4:10-CV-2542, 2011 WL 665444, at *1 (N.D. Ohio Feb. 15, 2011).  There is no judicial review of decisions under § 3723.  *See id.; Mendoza v. United States*, 2:12-CV-2956, 2014 WL 2515648, at *6 (W.D. La. June 4, 2014); *Powers v. Mosley*, 2:18-CV-02227, 2019 WL 2619908, at *9 (D.S.C. Apr. 2, 2019), *report and recommendation adopted sub nom. Powers v. United States*, 2019 WL 2223385 (D.S.C. May 23, 2019); *Mendez v. Peterson*, 16-CV-2644, 2018 WL 3104242, at *4 (D. Minn. Jan. 23, 2018), *report and recommendation adopted*, 2018 WL 2193108 (D. Minn. May 14, 2018), *aff'd sub nom. Mendez v. Dole*, 751 F. App'x 962 (8th Cir. 2019).

To the extent Wade seeks to recover damages for his lost property under the FTCA, the Court lacks jurisdiction.  The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee.  A plaintiff may recover under circumstances in which a

private person would be liable under the law of the state in which the negligent act or omission occurred. *See* 28 U.S.C. §§ 1346(b)(1), 2674; *see also Longino v. U.S. Dept. of Agriculture*, 912 F. Supp. 2d 424, 429 (W.D. La. 2012) (citing *United States v. Olson*, 546 U.S. 43, 44 (2005)).

However, the United States retains sovereign immunity against all lost property claims under the FTCA, other than for property seized pursuant to federal forfeiture law. *See* 28 U.S.C. § 2680(c); *see also Ali v. Federal Bureau of Prisons*, 522 U.S. 214 (2008). Moreover, it does not appear that Wade sought review under the FTCA for the lost property, so the claim is unexhausted.

## III. Conclusion

Because there is no judicial review of a claim under § 3723, and because Wade cannot recover for lost property under the FTCA, IT IS RECOMMENDED that Wade's lost property claim be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISIDICTION. The remaining claims will be served pursuant to a separate Court order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE