Honorable Judge Joseph H L Perez-Montes

RECEIVED

MAY 2 2 2020

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

5-15-20

Case Name: Wade V. Quintana et al

Case Number: 1:19-CV-00438-DDD-JPM

Dear honorable Judge, first May God bless us all in this pandemic of Covid-19. I beg this honorable Court to please forgive me I am a laymen of law, and do not know the correct way to address the discrepancy I noticed that is missing out of my Complaint (NO. 49, 50, 51) in which it directly effect me placing blame on two of my defendants (Assistant Health Services Administrator M. Derrick and Trip Coordinator B. Brown)

NO. 48 The Orthopedic specialist agreed and approved the recommendation

NO. 49 on May 25, 2017 Pl. Wade was approved through the Bureau's Inmate Medical Consultation process, for the diagnostic MRI of his left Knee to performed at a medical facility outside the prison.

NO. 50 Between May and November of 2017 (approximately six months) when Pl. Wade was approved for the diagnostic MRI and its occurrence which was caused by the intentional and deliberate reckless disregard by Defendants Derrick and Brown — Pl Wade filed numerous administrative grievances regarding the denial of Medical Care, including the unreasonable delay in him receiving the approved diagnostic MRI...

These two Numbers was somehow left out and I wanted to bring it to this honorable Courts attention.
At this time I would also like to ask the honorable Court for an injuction I am still being retaliated on and discriminated for filing civil suit by other employee's of the Bureau. Protected legal rights are being denied to me, as is false write ups to punish me I do Not Know what to do?

44. On or about April 14, 2017 Defendant MITCHELL saw Pl. WADE again for follow-up consultation. At that time, Defendant MITCHELL submitted a request for Pl. WADE to be seen in consultation with an orthopedic specialist.

45. The request submitted by Defendant MITCHELL for Pl. WADE to be seen by an orthopedic specialist included a recommendation for a diagnostic MRI.

46. On the date of his appointment to be seen by the orthopedic specialist, Pl. WADE"S housing unit was locked-down and he could not get out; though this, according to Bureau's policies should not have prevented Pl. WADE from attending his appointment; however, because Defendant MITCHELL failed to arrange for Pl. WADE to still be seen, despite the lock-down, he was not seen for his initial appointment.

specialist for consultation.

48. The orthopedic specialist agreed and approved the recommendation of Defendant MITCHELL that a diagnostic MRI was medically indicated to determine the exact nature and extent of Pl. WADE's injury to his left knee.

49. On May 25, 2017 Pl. WADE was approved through the Bureau's inmate medical consultation process, for the diagnostic MRI of his left knee to be performed at a medical facility outside the prison. *Performed at a medical facility outside the*

50. Between May and November of 2017 (approximately six months), when Pl. WADE was approved for the diagnostic MRI and its occurrence -- which was caused by the intentional and deliberate reckless disregard by DEFENDANTS DERRICK and BROWN --- he filed numerous administrative grievances regarding the denial of medical care, including the unreasonable delay in him receiving the approved diagnostic MRI . These grievances were filed pursuant to the Bureau's Inmate Administrative Remedy Procedure, 28 CFR 542.10 et. seq.

51. As indicated, in November of 2017 Pl. WADE was transported to a medical facility within the community, where the diagnostic MRI was performed.