a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY WADE, Plaintiff | CIVIL DOCKET NO. 1:19-CV-438-P |
| VERSUS | JUDGE DRELL |
| FRANCISCO J. QUINTANA, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Preliminary Injunction (ECF No. 48) filed by *pro se* Plaintiff Bobby Wade ("Wade"). Wade's Complaint (ECF No. 1) under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), is pending against the United States of America, Lt. Moore, Dr. Garcia, and Physician Assistant Mitchell of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock).

Because Wade cannot show that he is entitled to injunctive relief in this Court, his Motion for Preliminary Injunction (ECF No. 48) should be DENIED.

I. Background

Wade's Complaint seeks monetary damages for the denial of medical care in 2017 at USP-Pollock. However, Wade's Motion for Preliminary Injunction (ECF No. 48) alleges that he is presently being denied medical care at the United States Penitentiary – McCreary ("USP-McCreary") in Pine Knot, Kentucky.

II. Law and Analysis

Wade seeks a preliminary injunction ordering that he be provided medical care. But, the Defendants in the *Bivens* suit are USP-Pollock employees, and Wade is no longer incarcerated at USP-Pollock. He must seek injunctive relief in the district court where is presently incarcerated. *See Robinson v. Meador*, 6:18-CV-207, 2019 WL 2521247, at \*2 (E.D. Tex. May 23, 2019), *report and recommendation adopted*, 2019 WL 2515614 (E.D. Tex. June 17, 2019) ("Any request for injunctive relief filed at this juncture must be filed in the district where he is incarcerated, which is the Northern District of Texas. Matters that arise in jurisdictions outside the Eastern District of Texas is not within the purview of this Court."); *see also Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot).

Moreover, for a preliminary injunction to be issued, a petitioner must show: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest. *See Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Because the request for preliminary injunction does not seek relief that can be provided by (or against) any of the named Defendants, Wade cannot show that he is likely to succeed on the merits.

2

### III. Conclusion

Because Wade cannot establish that he is entitled to injunctive relief in this Court, IT IS RECOMMENDED that the Motion for Preliminary Injunction (ECF No. 48) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, August 29, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE