d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY WADE #94252-111,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-00438<br>SEC P |
| VERSUS | JUDGE DRELL |
| FRANCISCO J QUINTANA ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment filed by Plaintiff Bobby Wade ("Wade") (ECF No. 42). Because the record before the Court is irreconcilably incomplete, Wade's Motion for Summary Judgment (ECF No. 42) is WITHDRAWN pending the submission of a complete record by the parties and further orders from the Court.

### I. Background

Wade filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. ECF Nos. 1, 7, 14, 35.[1] Wade's original and First Amended Complaints were filed in the Central District of California. (ECF Nos.

---

[1] A plaintiff must name the United States as the sole defendant in an FTCA claim. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing *Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir. 1991)).

Wade's FTCA claims were administratively exhausted. ECF No. 28-1.

1). The California court severed Wade's claims against California Defendants from his claims against Louisiana Defendants, and his Complaint as to the Louisiana Defendants was to the Western District of Louisiana (ECF Nos. 9, 10).

Wade's FTCA claim is against the United States of America. The Louisiana Defendants are employed at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"): Warden Calvin Johnson ("Johnson"); Lt. Gotreaux; Associate Warden Maldonado; B. Brown (trip coordinator); M. Derrick (Health Services Administrator); Lt. Moore; Dr. M. Garcia, and B. Mitchell (physician assistant).

Wade's FTCA claim is for medical malpractice. Wade's *Bivens* claims against the individual Defendants are based on deliberate indifference to serious medical needs and retaliation.[2] Wade alleges that the delays in providing medical treatment

---

[2] Wade contends that, while confined at USP-Victorville in February 2017, he fell off his top bunk and tore the ACL in his left knee. ECF No. 7 at 11; No. 14 at 3, 9, 13. Wade contends he did not receive a medical evaluation for six days. ECF No. 14 at 3. Instead of receiving medical treatment for his torn ACL, Wade was transferred to USP-Pollock. ECF NO. 14 at 4, 10.

Wade alleges that, when he arrived at USP-Pollock, the medical staff noted his injury and designated his need for medical care as "urgent." ECF No. 14-1 at 10. Wade further alleges that PA Mitchell changed that designation to "routine," causing a delay in his medical care. ECF No. 14-1 at 10. In April 2017, Wade asked Mitchell for an orthopedic consultation and a diagnostic MRI. ECF No. 14-1 at 10-11. Those appointments were scheduled. Wade missed his first appointment with the orthopedic specialist due to an institutional lock-down at USP-Pollock. ECF No. 14-1 at 11. However, Wade was seen at a later date, in May 2017, and the orthopedist recommended an MRI. ECF No. 14-1 at 11. The MRI was performed in November 2017. ECF No. 14-1 at 11.

Wade contends that Lt. Gotreaux threatened to prevent Wade's surgery if he did not stop filing and withdraw his administrative grievances. ECF No. 14-1 at 11. When Wade refused to withdraw his grievances, Lt. Gotreaux retaliated by placing him in the segregated housing unit ("the SHU") on "trumped-up charges." ECF No. 14-1 at 12-13. SHU Lt. Moore assigned Wade to a top bunk, although the medical staff had specified he needed a bottom bunk. ECF No. 14-1 at 12-13. Wade contends he was ultimately found "not guilty" on the disciplinary charge. ECF No. 14-1 at 13.

for his torn ACL resulted in permanent loss of the full range of motion in his left knee. ECF No. 14 at 5. Wade seeks monetary (including punitive) damages.

The Court ordered service of the AO 398 Form (Notice of a Lawsuit and Request to Waive Service of Summons) on the individual Defendants through the United States Marshals Service. ECF No. 32. The AO 398 Form was mailed to the Legal Assistant at USP Pollock with instructions. ECF No. 32.[3]

Defendants Derrick, Mitchell,[4] and Moore signed and returned their waivers of service. ECF No. 37. Defendants Johnson, Maldonado, Brown, Garcia, and Gotreaux did not sign their waivers of service because they are no longer employed at USP-Pollock, and the waivers were not forwarded to them new addresses. ECF No. 38. However, Maldonado, Brown, Moore, Mitchell, Derrick and the United States answered the Complaints (ECF No. 55). Johnson, Garcia, and Gotreaux have neither been served nor made an appearance.

---

Wade contends Defendants Dr. Garcia, Derrick, and Brown were deliberately indifferent to his serious medical needs. Wade contends Dr. Garcia, Warden Johnson, Associate Warden Maldonado, Mitchell, Derrick, and SHU Lt. Moore ignored his complaints that using a top bunk was causing knee pain. ECF Nos. 14 at 12-13, 42 at 2.

Before receiving further medical treatment at USP-Pollock, Wade contends Wardens Johnson and Maldonado had him transferred to FTC-Oklahoma. ECF No. 14-1 at 14. Wade contends he Defendant Brown, the trip coordinator was handcuffed and shackled for that 12-hour drive, which he alleges was extremely painful. ECF No. 14-1 at 14. When Wade arrived at FTC-Oklahoma, he required medical treatment and pain medication. ECF No. 14-1 at 14. Wade was later transferred to USP-Big Sandy (in Inez, Kentucky), where he had a further orthopedic consult and underwent surgery. ECF No. 14-1 at 14.

[3] The Court also ordered service by mail on the United States Attorney and the United States Attorney General. ECF No. 32. That service was received. ECF Nos. 34, 36.

[4] Mitchell did not sign his waver, but provided his email address and answered the complaint.

None of the Defendants responded to Wade's Motion for Summary Judgment.[5] Therefore, Wade's Motion for Summary Judgment is, strictly speaking, unopposed.

But Defendants did not file – and Wade did not otherwise obtain – Wade's medical records or any other documents, as ordered by the Court. ECF No. 32 at 8. In fairness to the parties, a variety of issues may have impeded their compliance, including the COVID-19 pandemic. But the general result is a record upon which dispositive motion practice is premature and inappropriate. And the particular result is that Wade could not possibly show that there is no dispute regarding a material fact, or that he is entitled to judgment as a matter of law, on this record.

Therefore, the Motion for Summary Judgment (ECF No. 42) is hereby WITHDRAWN pending further orders from the Court, and without prejudice to the Plaintiff's right to engage in future dispositive motion practice.

SIGNED on Monday, March 8, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[5] Although Wade did not certify that he sent a copy of his Motion to Defendants through their counsel, the Court forwarded it to her. ECF No. 42.